NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 16 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JORGE NEFTALI SEGOVIA, | No. 20-73060 |
| Petitioner, | Agency No. A205-206-108 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted December 7, 2021
Pasadena, California

Before: BERZON, BEA, and NGUYEN, Circuit Judges.

Petitioner Jorge Neftali Segovia, a citizen and national of El Salvador,

petitions for review of a decision by the Board of Immigration Appeals ("BIA")

affirming the Immigration Judge's ("IJ") denial of his application for adjustment of

status and protection under the Convention Against Torture ("CAT"). We have

jurisdiction under 8 U.S.C. § 1252, and we deny the petition for review.

_____

* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

1.      Segovia challenges the IJ's admission of three immigration documents from his 2012 arrest: the Form I-213, Record of a Deportable/Inadmissible Alien ("Form I-213"), and two Seized Assets and Case Tracking System incident reports ("SEACATS Reports").  "We review legal and constitutional questions, including alleged due process violations, de novo."  *Vilchez v. Holder*, 682 F.3d 1195, 1198 (9th Cir. 2012).  The Form I-213 and SEACATS Reports were authenticated, probative, and their admission was fundamentally fair.  *Espinoza v. I.N.S.*, 45 F.3d 308, 310 (9th Cir. 1995).  Segovia has not met his burden of coming forward with "enough negative factors to persuade the court not to admit" these documents.  *Id.* Although Segovia identifies some inconsistencies within the documents, the inconsistencies do not render the relevant portions of the documents unreliable or their admission unfair.  *Id*.

2.      Segovia also challenges the IJ's adverse credibility finding.  We review for substantial evidence and may not reverse unless "the evidence not only *supports* a contrary conclusion, but *compels* it."  *Del Cid Marroquin v. Lynch*, 823 F.3d 933, 937 (9th Cir. 2016) (cleaned up) (emphasis in original).  The IJ may base her credibility determination on the totality of the circumstances, including "the demeanor, candor, or responsiveness of the applicant or witness, the inherent plausibility of the applicant's or witness's account, the consistency between the applicant's or witness's written and oral statements" or "any other relevant factor."

8 U.S.C. § 1158(b)(1)(B)(iii); *see also Alam v. Garland*, 11 F.4th 1133, 1135 (9th Cir. 2021) (en banc).

Here, the IJ's adverse credibility determination was supported by Segovia's inconsistent testimony regarding his relationship with his co-arrestee Jose Reyes, his travel to and from Texas before his 2013 arrest, and the extortion threat to his daughter.[1] *See* 8 U.S.C. § 1158(b)(1)(B)(iii). In addition, Segovia's testimony regarding his criminal history was implausible, and the IJ pointed to specific "noncredible aspects of the petitioner's demeanor" on the stand. *See Manes v. Sessions*, 875 F.3d 1261, 1263 (9th Cir. 2017) (citing *Shrestha v. Holder*, 590 F.3d 1034, 1041-42 (9th Cir. 2010)). The IJ's adverse credibility finding was therefore supported by substantial evidence.

3.     Segovia next challenges the BIA and IJ's finding that Segovia was ineligible for adjustment of status under 8 U.S.C. § 1182(a)(2)(I), which provides that an applicant who the Attorney General knows or has "reason to believe" engaged in money laundering as described in 18 U.S.C. §§ 1956 or 1957 is inadmissible. The "reason to believe" standard does not require a conviction; it requires only "reasonable, substantial, and probative evidence." *Lopez-Molina v.*

---

[1] Segovia attributes some of his inconsistent testimony to his hearing problems, but the IJ took steps during Segovia's testimony to remedy the situation whenever he said he could not hear. *See Vilchez*, 682 F.3d at 1200. Segovia's due process rights were not violated because he was not prevented from reasonably presenting his case and has not shown that he suffered prejudice. *Id.* at 1199-1200.

*Ashcroft*, 368 F.3d 1206, 1211 (9th Cir. 2004).

In 2012, Segovia was arrested while driving with Brenda Reyes from Colorado to California in a vehicle containing $23,000 hidden in a secret compartment and wrapped in cellophane carrying traces of narcotics. In 2013, Segovia was arrested while driving with Jose Reyes, Brenda Reyes' brother, from Texas to California, in a vehicle containing $94,020 hidden in a secret compartment and wrapped in vacuum-sealed bags carrying narcotics residue. Segovia then pled guilty to money laundering under Texas Penal Code § 34.02.[2] These facts are more than sufficient to constitute reasonable, substantial, and probative evidence giving "reason to believe" Segovia engaged in money laundering under 18 U.S.C. § 1956(a)(1). Segovia did not meet his burden of establishing "clearly and beyond doubt" that he is not inadmissible under 8 U.S.C. § 1182. 8 U.S.C. § 1229a(c)(2)(A).

---

[2] Segovia argues that the BIA improperly relied on his guilty plea to violating Texas Penal Code § 34.02 because the conviction does not demonstrate that he transferred or delivered money rather than merely transported it, as required for a "financial transaction" under 18 U.S.C. § 1956(a)(1). But even assuming that Segovia is correct, his conviction was far from the sole "reason to believe" he engaged in federal money laundering. The BIA and the IJ specifically discussed and relied on the circumstances of Segovia's two arrests, including the large amounts of cash, the secret compartments, the manner in which the money was packaged, the traces of narcotics on the bundles, and the implausibility of Segovia's explanations. The evidence strongly supports the finding that he was engaged in transferring or delivering the money under § 1956(a)(1).

4. The BIA's determination that Segovia is ineligible for CAT protection was supported by substantial evidence. *See Dhital v. Mukasey*, 532 F.3d 1044, 1051 (9th Cir. 2008). Segovia did not show he faced a "particularized threat of torture" by or at the acquiescence of the government upon removal to El Salvador. 8 C.F.R. §§ 1208.16, 1208.18(a)(1); *Dhital*, 532 F.3d at 1051. The fact that Segovia's daughter's mother received an anonymous extortion demand threatening their daughter in El Salvador is not sufficient to show that Segovia faces an individualized threat. Evidence showing generalized risk of gang violence and extortion in El Salvador that is not particular to Segovia is also insufficient. *Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010).

**PETITION DENIED.**